UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAURICE J. SINKFIELD,
    Plaintiff,

v.

CIVIL ACTION NO. 19-10776-MPK

UNITED STATES MARSHALS SERVICE, et al.,
    Defendants.

## ORDER

February 5, 2020

KELLEY, U.S.M.J.

Pro se plaintiff Maurice Sinkfield has filed a request (#34) that a default judgment be entered in his favor in this action. The defendants have opposed Sinkfield's motion and seek dismissal of the action for lack of proper service (#36, #37). For the reasons set forth below, the request for default judgment and the motion to dismiss are DENIED.

**I.    Request for Default Judgment**

In his Amended Complaint (#16), Sinkfield claims that he was subject to unconstitutional conditions of confinement at FMC Devens in 2019 while he was a pretrial detainee. Sinkfield names two defendants--FMC Devens Warden J. Grondolsky and FMC Devens Unit Manager N. Elias. On July 23, 2019, the Court issued an order (#15) that summonses be issued for both defendants and that Sinkfield ensure that service was completed in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court later extended the deadline for service until November 29, 2019.

The docket (##29, 30) indicates that Sinkfield mailed copies of the summonses and his amended complaint to the United States Attorney General and the United States Attorney for the

District of Massachusetts by certified mail. The docket (##31-33, 35) also indicates that Sinkfield attempted to serve Grondolsky and Elias by mailing the summonses, amended complaint, and consent package to them at FMC Devens, but that these mailings were returned to him with the notation that they were refused because Grondolsky and Elias were not at FMC Devens.

Under the Federal Rules of Civil Procedure, serving Grondolsky and Elias by certified mail was insufficient. Although service on the Attorney General and the United States Attorney for the District of Massachusetts by certified mail is permitted under Rule 4(i)(1)(A), Sinkfield was required to serve Grondolsky and Elias in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i)(3) (when suing federal employee in an individual capacity for an act in connection with duties performed on the United States, "a party must serve the United States and also serve the officer or employee under Rule 4(e)"). This provision does not provide for service by certified mail.

Entry of default in favor of a plaintiff is only proper when a defendant has "failed to plead or otherwise defend" a claim against him. Fed. R. Civ. P. 55(a). However, sufficient service of the summons and complaint is a prerequisite to entry of default. Because service on Grondolsky and Elias was insufficient, they were not required to respond to the complaint and entry of default against them would be improper. Accordingly, the request for a default judgment is DENIED.

## II. Motion to Dismiss for Insufficient Service

Although Sinkfield's service on Grondolsky and Elias did not meet the requirements of Rule 4 of the Federal Rules of Civil Procedure, the Court will not dismiss this action on that basis. The Court is very aware of the difficulties pro se litigants face in completing service of

2

process, especially those pro se litigants who are incarcerated.  Sinkfield has not ignored his duty to complete service of process and has made a good faith attempt to provide Grondolsky and Elias notice of his claims against them.  Accordingly, the motion to dismiss is DENIED.

In light of this situation, the Court will have pro bono counsel appointed for Sinkfield for the sole purpose of completing service.

### III.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The request for a default judgment (#34) is DENIED.

2. The motion to dismiss (#36) is DENIED.

3. The motion to strike (#40) is DENIED as moot.

4. The matter is referred to the Court's Pro Bono Coordinators to search for pro bono counsel to represent Sinkfield for the sole purpose of serving defendants Grondolsky and Elias.

SO ORDERED.

    /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge