UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAURICE SINKFIELD,
    Plaintiff,

v.

                                              CIVIL ACTION NO. 19-10776-MPK

MR. J. GRONDOLSKY,
MR. N. ELIAS,
    Defendants.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (#52).

Kelley, U.S.M.J.

I. <u>Introduction</u>.

Plaintiff Maurice Sinkfield sues two prison officials, alleging violations of certain constitutional rights. (#16 [amended complaint].) The defendants filed a motion to dismiss or, in the alternative, for summary judgment (#52) for failure to exhaust administrative remedies and failure to state a claim. The motion has been fully briefed. (##53, 63.)[1] For the reasons set out below, the motion is allowed.

II. <u>The Facts</u>.

The facts are taken from the amended complaint. (#16.) Plaintiff alleges that from June 16, 2016 to September 16, 2016, he was a federal pretrial detainee at the Federal Medical Center (FMC), Devens. *Id.* ¶ 1. Grondolsky was the warden at FMC Devens during the relevant time, and

---

[1] With the parties' consent this case has been referred to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (##25, 64.)

Elias was the Unit Manager of the locked mental health unit, NO1, at FMC Devens. *Id.* ¶ 2. According to plaintiff, he was subjected to solitary confinement inside NO1 and a special housing unit (SHU). *Id.* ¶ 7. For four days while he was held in NO1, August 8 through 11, he was deprived of access to drinking water and shower facilities. *Id.* Plaintiff alleges that, by their actions, defendants have violated his rights under the Eighth Amendment and under the Fifth Amendment's Due Process clause. *Id.* ¶ 3.

Grondolsky is said to have been directly involved in the alleged deprivations because he undertook weekly inspections of NO1. *Id.* ¶ 8. Grondolsky purportedly informed plaintiff that his release from solitary confinement would not be authorized if plaintiff refused to participate in clinical interviews, to complete psychological tests, and to aid a government investigation against plaintiff. *Id.*

Elias is alleged to have been directly involved in the deprivations because he was in charge of NO1 and, in that capacity, authorized cell moves and releases from the locked mental health unit. *Id.* ¶ 9. On August 8, 2016, Elias had plaintiff moved to a cell without running water or a functioning shower. *Id.* Although plaintiff asked that his cell be changed, he was advised by unit officers that he could not be moved without Elias' approval; plaintiff was not moved until August 11, 2016, when authorized by Elias. *Id.* The plaintiff alleges:

> Mr. Elias forced Maurice Sinkfield to live without fresh drinking water for 3 days and when he and the warden (Elias and Grondolsky) went into the locked mental health unit for their weekly inspections and Maurice Sinkfield informed them that the water was off and asked them to move him they both smiled and walked away from the cell (129).

*Id.*

On September 8, 2016, plaintiff claims that he refused to sign a certain contract or pledge presented to him by Elias. Allegedly incensed by plaintiff's noncompliance, Elias wrote up an incident report and had plaintiff moved to the SHU. *Id.* Plaintiff remained in solitary confinement until September 16, 2016, the day he started his transport back to Ohio. *Id.* During a stop-over at a federal detention facility in Philadelphia, Sinkfield was held in solitary confinement for seven or eight days because of the Elias incident report. *Id.*

Plaintiff contends that he was unjustly subjected to corporal punishment inside NO1 and the SHU at FMC Devens. *Id.* ¶ 10. He alleges that he was mentally and physically harmed by the constitutional violations perpetrated by Grondolsky and Elias. *Id.* ¶¶ 10 11. Plaintiff seeks damages in the amount of 93 million dollars. *Id.* ¶ 6.

III. Standards of Review.

A. Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "accept as true all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Gonzalez v. Velez*, 864 F.3d 45, 50 (1st Cir. 2017) (citation omitted). To survive the motion, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ríos-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 24 (1st Cir. 2019) (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The court must distinguish between "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012). "[N]o single allegation need [establish] . . . some necessary element [of the cause of action], provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible." *Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 14-15 (1st Cir. 2011)). The plaintiff must show that the combined allegations state "a plausible, not a merely conceivable, case for relief." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citations omitted).

B. <u>Rule 56</u>.

The purpose of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Tobin v. Federal Express Corp.*, 775 F.3d 448, 450 (1st Cir. 2014) (internal citation and quotations marks omitted). "[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is inappropriate "if the record is sufficiently open-ended to permit a rational fact finder to resolve a material factual dispute in favor of either side." *Pierce v. Cotuit Fire Dist.*, 741 F.3d 295, 301 (1st Cir. 2014).

The moving party bears the initial burden of asserting the absence of a genuine issue of material fact and "support[ing] that assertion by affidavits, admissions, or other materials of evidentiary quality." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003) (citation omitted). A genuine issue of fact exists where a fact finder could find in favor of the non-moving

4

party, "while material facts are those whose existence or nonexistence has the potential to change the outcome of the suit." *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (internal citation and quotations marks omitted). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Fontánez-Núñez v. Janssen Ortho LLC*, 447 F.3d 50, 54-55 (1st Cir. 2006) (internal citation and quotation marks omitted).

In determining whether summary judgment is proper, the court must view the record in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-movant's favor. *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (further internal quotation marks omitted)).

IV. Discussion.

A. Exhaustion.

Defendants argue that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). (#53 at 5-9.) The PLRA precludes "a prisoner confined in any jail, prison, or other correctional facility" from bringing an action "with respect to

5

prison conditions under [42 U.S.C. § 1983], or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion of available remedies is required for any suit challenging prison conditions, not just for suits under § 1983[,]" *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), including "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Requiring inmates to exhaust administrative remedies before bringing suit in federal court "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The Supreme Court has clarified that an inmate's failure to exhaust his administrative remedy may be excused where the administrative remedy, "although officially on the books," was "unavailable" to him because it was "not capable of use to obtain relief." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). Three scenarios have been described in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end . . . with officers unable or consistently unwilling to provide relief to aggrieved inmates"; (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what [they] demand[]"; and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Failure to exhaust is an affirmative defense and so defendants bear the burden of showing that a prisoner has not satisfied the exhaustion requirements. *See Jones*, 549 U.S. at 216 ("failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially

plead or demonstrate exhaustion in their complaints"); *Berrios v. Gonzalez-Rosario*, 630 F.3d 7, 11 (1st Cir. 2010) (a plaintiff's failure to exhaust administrative remedies "must be raised and proved by the defense"). Here, defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing this suit. As an exhibit to their motion, defendants submitted the declaration of Cheryl Magnusson, a legal assistant at the Consolidated Legal Center at FMC Devens. (#53-1.) Based on Ms. Magnusson's declaration and accompanying documentation (#53-2), defendants assert that there are no records to evidence that plaintiff exhausted his remedies with respect to the claims in this case.

The threshold problem for defendants is that the First Circuit has repeatedly cautioned, with regard to Rule 12(b)(6) motions to dismiss, that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Graf v. Hospitality Mut. Ins. Co.*, 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted). That said, "there is a narrow swatch of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim." *Ríos-Campbell v. U.S. Dept. of Commerce*, 927 F.3d 21, 25 n. 2 (1st Cir. 2019). "[W]hen . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (internal citations, quotation marks, and alterations omitted), *cert. denied*, 555 U.S. 995 (2008); *Yacubian v. U.S.*, 750 F.3d 100, 102 (1st Cir. 2014); *United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuno*, 633 F.3d 37, 39 (1st Cir. 2011). Ms. Magnusson's declaration and the proffered documentation

submitted by defendants do not fall within the parameters of this exception, and the court will not consider them. *See*, e.g., *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

"Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Jones*, 549 U.S. at 215. The allegations of the amended complaint here do not support an admission that plaintiff simply failed to exhaust his administrative remedies, and defendants' motion to dismiss based on failure to exhaust administrative remedies fails. *See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (internal citation and quotation marks omitted) ("Affirmative defenses . . . may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings."), *cert. denied*, 555 U.S. 995 (2008); *Faust v. Cabral*, No. CIV.A. 12-11020-DJC, 2013 WL 3933021, at *4 (D. Mass. Jul. 30, 2013) ("nothing on the face of the complaint establishes a failure to exhaust administrative remedies").

The court is not inclined to consider defendants' motion as one for summary judgment at this time. Even if the court determined to proceed in that manner, genuine issues of material fact would preclude the entry of judgment as a matter of law in defendants' favor on the issue of exhaustion. In opposition to the dispositive motion, plaintiff has submitted an affidavit (#63-1) and documentation (#63-2) in which he asserts facts which, if credited, would support a conclusion that prison officials thwarted his ability to file a grievance, and that the Federal Bureau of Prisons' administrative remedies were not available to him given his various transfers between federal, state, and county penal institutions.

In sum, plaintiff's claims will not be dismissed for failure to exhaust administrative remedies, and the entry of summary judgment on that basis is not warranted.

B. *Bivens* Claims.

Plaintiff specifically disavows bringing *Bivens* claims: "Plaintiff's claims are not *Bivens* claims, but Plaintiff's claims are arising under the Constitution[] and it is possible that Plaintiff's claims could be prosecuted in accordance with 28 U.S.C. §[§] 2671-80, § 1346(b)[2]; 42 U.S.C. § 1997e(a)[3] and any other remedy the Court would imply."[4] (#63 at 8-9.) However, the statutory sections cited by plaintiff do not provide a legal foundation for his claims and so, to the extent those are the claims he is attempting to allege, they must be dismissed.

No federal statute authorizes federal courts to hear suits against federal officers who violate the Constitution. However, the Supreme Court has inferred a narrow cause of action against federal

---

[2] Title 28 U.S.C. §§ 2671-80 and § 1346 are provisions of the Federal Tort Claims Act, which are inapplicable here if for no other reason than that the United States has not been named as a defendant in this case, and "the United States is the only proper party defendant to a FTCA suit." *ITT Fed. Servs. Corp. v. Anduze Montano*, 474 F.3d 32, 34 (1st Cir. 2007) (citing 28 U.S.C. §§ 1346(b), 2674, 2679); *see also McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) ("the United States is the only proper defendant in such an [FTCA] action"). Moreover, "the FTCA's timeliness requirements are jurisdictional," *Sanchez v. United States*, 740 F.3d 47, 54 (1st Cir. 2014), and plaintiff has not alleged that he administratively exhausted his claims. *See Barrett ex rel. Est. of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006) ("Plaintiff may not file a tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim—whichever comes first.").

[3] Title 42 U.S.C. § 1997e(a) is the provision of the Prison Litigation Reform Act that requires exhaustion of claims: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."

[4] "[T]he Court is not the plaintiff's advocate and will not 'conjure up implied allegations,' *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979), in order to establish jurisdiction or to state an actionable claim." *Brown v. Dep't of Veterans Affs.*, 451 F. Supp.2d 273, 277 (D. Mass. 2006).

officers for damages directly from the text of the Constitution. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment violation related to warrantless search and seizure); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment violation related to a prison officials' denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment due process clause violation based on discrimination on the basis of sex in federal employment). If plaintiff has alleged any viable claims based on the individual defendants' alleged violation of the "Constitution[]'s Eighth Amendment and Eighth Article" and Fifth Amendment "due process clause violation(s)" (#16 ¶¶ 3, 10, 11; #63 at 2-3), they must be *Bivens* claims.

The *Bivens* doctrine allows a plaintiff to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities. *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008). An action under *Bivens* serves as the federal analog to Section 1983 suits against state officials. *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). A claimant who seeks relief under *Bivens* must prove a violation of a constitutional right by a federal agent acting under color of federal law. *DeMayo*, 517 F.3d at 14.

It is not enough that a plaintiff allege he suffered a violation of the same general right as one of the three recognized grounds for a *Bivens* claim. The Supreme Court has held that it will not expand the *Bivens* cause of action to contexts that are "different in a meaningful way from previous *Bivens* cases" decided by the Court. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017)). As a result, in order to have a cognizable *Bivens* claim, a plaintiff must allege that his claim is both factually and legally similar to *Bivens* claims previously decided by the Supreme Court. *Id.* at 743. If the claim presents a new context,

courts should then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding *Bivens*, absent affirmative action by Congress. *Abbasi*, 137 S. Ct. at 1857, 1876 (citation omitted).

Plaintiff is seeking damages for his alleged punitive detention in NO1 and the SHU at FMC Devens. The Third Circuit has found a comparable claim to constitute an expansion of *Bivens* into a new context, and this court agrees. *Bistrian v. Levi*, 912 F.3d 79, 94 (3d Cir. 2018) ("[T]he punitive-detention claim does amount to an extension of *Bivens* into a new context."). In *Abbasi*, the Supreme Court concluded that "expanding the *Bivens* remedy is now a disfavored judicial activity," noting that it has "consistently refused to extend *Bivens* to any new context or new category of defendants." 137 S. Ct. at 1857 (citations omitted). Consideration of special factors counseling against extension of *Bivens* must be undertaken. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. Under *Abbasi*, "any alternative, existing process for protecting the [plaintiff's] interest[s]" is a compelling reason to "refrain" from extending a *Bivens* remedy. *Id.* at 1858 (citations omitted).

The Third Circuit's discussion of the special factors to be weighed when considering whether to extend the *Bivens* remedy to a claim for punitive detention is compelling:

> [A] punitive-detention claim more fully calls in question broad policies pertaining to the reasoning, manner, and extent of prison discipline. The warden and other prison officials have—and indeed must have—the authority to determine detention policies, to assess the endless variety of circumstances in which those policies may be implicated, and to decide when administrative detention is deserved and for how long. *See Sandin v. Conner*, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995) (observing, in the § 1983 context, that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile [prison] environment" and thus should limit "the involvement of federal courts in the day-to-day management of prisons"). Detention policies and their application

cannot be helpfully reviewed as *Bivens* claims. "[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform" because the problems "are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree." *Turner v. Safley*, 482 U.S. 78, 84, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987) (citation omitted). The Bureau of Prisons, not the judiciary, has the "expertise, planning, and the commitment of resources" necessary for the difficult task of running a correctional facility. *Id*. at 84-85, 107 S.Ct. 2254. Consequently, the task of prison administration "has been committed to the responsibility of [the legislative and executive] branches, and separation-of-powers concerns counsel a policy of judicial restraint." *Id*. at 85, 107 S. Ct. 2254. Ruling on administrative detention policy matters would unduly encroach on the executive's domain. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) ("It is a rule grounded in necessity and common sense, as well as authority, that the maintenance of discipline in a prison is an executive function with which the judicial branch ordinarily will not interfere." (citation omitted)).

Besides those serious separation of powers concerns, recognizing a *Bivens* remedy would likely cause "an increase of suits by inmates, increased litigation costs to the government, and ... burdens on individual prison employees to defend such claims." . . . Heeding the reasoning in *Abbasi*, we must be reluctant to "establish whole categories of cases in which federal officers must defend against personal liability claims in the complex sphere of litigation." 137 S. Ct. at 1858. . . . [The] punitive-detention claim . . . is not a valid *Bivens* action.

*Bistrian*, 912 F.3d at 94–95 (footnotes omitted); *see also Earle v. Shreves*, 990 F.3d 774, 780–81 (4th Cir. 2021) (addressing a claim that a plaintiff had been placed in the SHU in retaliation, the Fourth Circuit cited the Third Circuit's analysis of the special factors with approval). In this case, no further discussion is required. The *Bistrian* decision is on point and persuasive. Adopting the Third Circuit's reasoning, to the extent plaintiff is alleging *Bivens* claims,[5] the court finds they should be dismissed under Rule 12(b)(6) for failure to state a claim.

---

[5] To the extent that Plaintiff is alleging a *Bivens* claim based on an Eighth Amendment violation for Cruel and Unusual Punishment by virtue of the lack of running water and non-working shower in his cell for four days, the same analysis applies. *See, e.g., Mammana v. Barben*, No. 20-2364, 2021 WL 2026847, at *4 (3d Cir. May 21, 2021) (footnote omitted) (plaintiff alleging Eighth Amendment violation for confinement for four days "in a chilled room with constant lighting, no bedding, and only paper-like clothing" did not state a *Bivens* claim, with the Third Circuit noting plaintiff "asks for a new implied cause of action to sue federal prison officials for unconstitutional

V. Conclusion and Order.

For the reasons stated, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (#52) is GRANTED. Judgment shall enter for defendants.

June 21, 2021                                    /s/ Page Kelley_____
                                                 M. PAGE KELLEY
                                                 Chief United States Magistrate Judge

---

conditions of confinement, a step never taken by the Supreme Court nor any circuit court"); *Hill v. Lappin, et al.*, No. 3:11-CV-1609, 2021 WL 2222725, at *4 (M.D. Pa. June 2, 2021) (finding plaintiff's Eighth Amendment claim that "defendants subjected him to cruel and unusual punishment by placing him in four-point restraints and by not releasing him from the restraints to use the toilet during a 43-hour period, purportedly forcing him to lie in his own waste" was a new context and that "special factors weigh decisively against extending *Bivens* to this new context."); *Blakey v. Pistro*, No. 2:21-CV-572-JDW, 2021 WL 2312647, at *3 (E.D. Pa. June 7, 2021); *Hanson v. United States*, Civ. A. No. 18-cv-17, 2018 WL 5046067, at *2 (E.D. Ky. Oct. 17, 2018) (claim based on denial of access to toilet was sufficiently distinct from all three of these prior contexts, and, therefore, was a "new context" for purposes of a *Bivens* analysis).